UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

Darnell Danner,

        Defendant.
_____/

Case No. 24-20674

Hon. Gershwin A. Drain

**United States's Sentencing Memorandum**

On the streets of his Detroit residential neighborhood, Darnell Danner put guns into the hand of others without any concern for the user's malicious intent or the safety of the community. A custodial sentence that the Court deems to be just and fair, followed by 3-years of supervised release, is sufficient but not greater than necessary to meet the objective of sentencing.

**Sentencing Discussion**

**I.     The sentencing guidelines range**

Although advisory, the Sentencing Guidelines remain an important factor under Section 3553(a) in fashioning an appropriate sentence. As noted in *United States v. Rita*, 551 U.S. 338, 345 (2007), "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."

The United States joins the Probation Department's calculation of the advisory guideline range to be 18 to 24 months, based upon a total offense level of 15 and a criminal history category of I.

II.     **The nature and circumstances of the offense**

Trafficking firearms is a serious crime. Gun violence remains a persistent problem in Detroit, and the sale of black-market guns contributed to an unsafe and deadly environment within the community. Even if he was only doing this to pay bills and support family needs, Danner repeatedly, willfully, and selfishly put illegal firearms into the streets with no regard for the inherent dangers of these deadly weapons or the lives they destroy. The guns Danner sold are gun crimes. Two of the guns he sold were stolen from police. One of the guns were marked with "Detroit PD" and it was apparent that one has tried to deface that marking.



2

Danner also knew that he was likely selling to people who would have no legitimate intention for guns. His buyer expressed the desire to turn them into machineguns, for which there was no legitimate purposes but to inflict unthinkable damages. Importantly, this was not a onetime occurrence for Danner. Nor was his criminal conduct limited to just a few days. Danner engaged in this repeated and illegal conduct for months before he was finally caught. His criminal acts not only increased the risk of gun violence but shows a complete disrespect and disregard for the law and for the people in our community.

### III. The history and characteristic of the defendant

Like many who come before the Court, Danner's personal journey is not barrier-free. His childhood was undeniably disadvantaged and complicated. Danner's parents were not able to give him the love and care that every child deserves. Instead, it appears that Danner and his twin sister suffered abuses by their father. Additionally, as a teenager, Danner's discovery that whom he thought to be his parents were not his actual parents must be startling and uncomfortable, and even traumatic. But the fact that Danner was shielded from the truth by his grandparents, who raised him as their son, also showed how much they loved and tried to protect him. And as Danner himself acknowledges, his material needs were met, notwithstanding the difficult family dynamic. Overall, Danner's upbringings do not set him apart from the other defendants and warrant a free pass to his offense, even assuming that is an appropriate consideration. *See* U.S.S.G. § 5H1.12

(policy statement) ("Lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted.").

Danner's life as an adult is also not without complication. First, Danner has serious mental health issues. His current compliance with treatment is encouraging. However, that compliance only became consistent at the prospect of being imprisoned raises question about Danner's ability to maintain treatment after he is sentenced. Second, Danner has very limited education and employment history. And his inability to obtain a high school-equivalent education and secure stable employment for years despite now being in his 40s show that he has not been able to figure it out on his own accord. A structured environment with structured mental health treatment, educational, and vocational programs is perhaps what Danner needs to overcome his personal inertia, to learn to control his emotions and make better choices, and to find legitimate means to make money.

Danner has many positives. While his conduct is serious, this is his first felony conviction. Additionally, he benefits from family support. His ready acceptance of responsibility and general compliance on pretrial release are also encouraging. With continued support, guidance, and supervision, Danner hopefully can walk away from further mischiefs, be a productive member of society, and be the father and brother that his family can be proud of.

IV. **The remaining 3553(a) factors**

A fair custodial sentence followed by a three-year term of supervised release is necessary to reflect Danner's serious conduct and the harmful impact it has on the community, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide Danner with the appropriate treatment, education, and vocational programs.

          Respectfully submitted,

          JEROME F. GORGON, Jr.
          United States Attorney

          *s/ Nhan Ho*
          Nhan Ho
          Assistant United States Attorney
          211 W. Fort Street, Suite 2001
          Detroit, MI  48226
          (313) 226-9632
          Nhan.ho@usdoj.gov

Dated:  July 28, 2025

## Certificate of Service

I hereby certify that on July 28, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants of record.

*s/ Nhan Ho*
Nhan Ho
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9632
Nhan.ho@usdoj.gov
